UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-116-3-F

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JEREMY NORDAN | ) | |
| Defendant. | ) | |

This matter is before the undersigned, on the defendant's letter/motion [DE-263] seeking assistance in obtaining a copy of the transcript of a July 11, 2011, sentencing hearing. The hearing in question involved testimonial evidence by chemists for the Government and for Nordan and his co-defendants concerning formulas for making methamphetamine from precursor chemicals, projections of yield based on cook method and ingredients, and detection of the presence of methamphetamine. Although the sentencing hearing was continued in order to receive additional evidence, Nordan is correct that he and several of his co-defendants had been moved out of the courtroom during the bulk of the presentation, and later filed waivers of appearance.

Nordan now has been sentenced and is in the custody of the Bureau of Prisons. In letters to the Clerk of Court and to the undersigned, Nordan explains that, although his court-appointed trial lawyer gave him a copy of the subject transcript and copies of other documents from her file, including discovery, all this paperwork was "lost" during his transfer into the Bureau of Prisons. He explains that he is preparing a motion pursuant to 28 U.S.C. § 2255 and, since he was not present for the courtroom proceedings on July 7, 2011, in which part of the sentencing evidence and arguments was presented, he needs another copy of the transcript of those proceedings.

In support of the instant motion, Nordan has attached a copy of a letter from the Clerk

of Court responding to his request for the transcript and advising him of the projected cost thereof. The Clerk suggests he might request a copy from his attorney. Nordan also has provided a copy of his trial attorney's response to his request, stating she already had provided him with a copy of the transcript and other pertinent documents, but would send him another copy for a stated fee.[1]

This is an unusual case. Ordinarily, an inmate seeking a transcript of his trial and/or sentencing hearing in order to prepare a post-conviction motion is required to particularize his specific need for such transcript. *See United States v. MacCollum*, 426 U.S. 317, 325-36 (1976). Furthermore, § 2255 motions are not to contain legal arguments or extensive citation, but must be comprised a short, clear statement of the facts that support the inmate's contention that he is entitled to relief. An inmate ordinarily is expected to do so based on his memory of the proceedings as he understood them. Here, however, Nordan physically was not present for the identified proceeding directly affecting his rights because the court had removed him and his co-defendants from the courtroom. Through no fault of his own, Nordan has no personal knowledge of the evidence that was received in his absence, and he has been unsuccessful in obtaining another copy of the subject transcript following his transfer to the BOP.

On the very narrow facts of this case, the court deems it necessary, in the interests of justice, to provide another copy of the July 7, 2011, hearing transcript [DE-215] to Nordan at his last known address. The court previously has found Nordan eligible to proceed *in form*

---

[1] Nordan states in the instant motion that his court documents were "lost" during his transfer to the BOP. Letter/Motion [DE-264] p.2. His trial lawyer's letter reminds Nordan he had written her that "you were 'destroying' your copies." *See id.* Exh. 1. It is this court's understanding that BOP inmates at one time were not be allowed to retain in their possession court documents such as transcripts and Presentence Reports for security purposes, and that it was BOP policy to destroy inmate contraband, including unauthorized documents and publications. The court is not aware whether this policy remains in effect.

*pauperis,* and his continuous incarceration since that date renders a new application unnecessary.

Norden's letter/motion [DE-264] is ALLOWED. The Clerk of Court is DIRECTED to mail a copy of the transcript [DE-215] to Jeremy Nordan, #53358-056, at his last-known address at no cost to him, and to designate on the envelope that the contents are **CONFIDENTIAL LEGAL COURT DOCUMENTS**. Whether or not Nordan will be permitted to receive or retain the transcript is outside the power of this court to determine. **This order is LIMITED to this defendant on the facts of the above-captioned case as described above**.

SO ORDERED.

This, the ___7th___ day of March, 2012.

                                            *James C. Fox*
                                            JAMES C. FOX
                                            Senior United States District Judge