UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-116-3-F

UNITED STATES OF AMERICA,      )
                               )
          v.                   )          **O R D E R**
                               )
JEREMY NORDAN,                 )
                Defendant.     )

By order of March 7, 2012, the court directed the Clerk's Office to provide to the defendant, Jeremy Nordan ("Nordan") a copy of the transcript that was prepared of the proceedings that occurred, in his absence, during court on July 7, 2011. *See* [DE-265]. The situation was very unusual – Nordan and most of his co-defendants were excused from the courtroom for reasons stated on the record while the court received certain technical expert testimony and legal arguments. Nordan and his similarly situated co-defendants subsequently executed waivers of appearance. *See* Nordan Waiver [DE-223]. The court also directed that each of the absent defendants receive a copy of the transcript of those proceedings. *See* Court Minutes [DE-206]. The order allowing Nordan to receive a copy of the July 7, 2011, hearing transcript [DE-215] included the caveat, **"This order is LIMITED to this defendant on the facts of the above-captioned case as described above."**

In a letter dated May 8, 2012, Nordan wrote the Clerk of Court seeking a free copy of transcripts of court proceedings that occurred on October 19 and 20, 2011.[1] *See* Letter [DE-273]. It was on those dates that Nordan and most of his co-defendants were sentenced, and they were in court. Unlike on July 7, 2011, Nordan's presence in the courtroom during the entirety of his sentencing proceedings on October 19 and 20, 2011, obviates the justification for providing him

---

[1] Nordan did not appeal his conviction or sentence. No transcripts have been prepared of the sentencing proceedings that took place on October 19 and 20, 2011.

a transcript to ascertain what transpired. Nordan personally observed and participated in the

October proceedings. *See* Court Minutes [DE-231, -235]. Nordan does not state why he also

should be provided with a transcript.

Not all parties who are granted in forma pauperis status are entitled to receive copies of

transcripts and other portions of the record at the court's expense. Section 753(f) of Title 28,

United States Code addresses the circumstances under which documents may be provided to

indigent criminal defendants at government expense. Section 753(f) provides in pertinent part

that the United States shall pay the fee for a transcript to be furnished to a person permitted to

bring an action under § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and

that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f).

> We think that the formula devised by Congress satisfies the equal protection
> components of the Fifth Amendment. Respondent chose to forgo his
> opportunity for direct appeal with its attendant unconditional free transcript.
> This choice affects his later equal protection claim as well as his due process
> claim. Equal protection does not require the Government to furnish to the
> indigent a delayed duplicate of a right of appeal with attendant free transcript
> which it offered in the first instance. . . . The basic question is one of adequacy of
> respondent's access to procedures for review of his conviction. . . and it must be
> decided in the light of avenues which respondent chose not to follow as well as
> those he now seeks to widen. We think it enough at the collateral-relief stage
> that Congress has provided that the transcript be paid for by public funds if one
> demonstrates to a district judge that his § 2255 claim is not frivolous, and that
> the transcript is needed to decide the issue presented.

> \* \* \* \*

> Had the District Court here been confronted not with merely a conclusory
> allegation, but with some factual allegations indicating a denial of respondent's
> [constitutional rights], the court might have concluded that such a claim was not
> frivolous, and further decided that a free transcript should be furnished pursuant
> to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-36 (1976) (citation omitted) (footnote omitted).

Because there is no constitutional requirement that an indigent defendant be supplied free

transcripts (or other court documents) in order to collaterally attack a conviction or sentence,

the defendant must show a "particularized need" for the documents. *See id.* at 323-30; *Morin v. United States,* 522 F.2d 8, 9 (4th Cir. 1975).

Here, Nordan has not revealed the purpose for which he seeks transcripts of his October 19 and 20, 2011, sentencing hearing proceedings during which he was present. He has failed to show a "particularized need" for the transcripts, to suggest what issue(s) these documents will assist in resolving or, in fact, whether he even intends to pursue post-conviction collateral relief. An indigent defendant is not entitled to transcripts at government expense "merely to comb the record in the hope of discovering some flaw." *United States v. Glass,* 317 F.2d 200, 202 (4th Cir. 1963).

Nordan's request for a free copy of transcripts of his sentencing hearing on October 19 and 20, 2011, does not satisfy the above-listed requirements. Therefore, his request [DE-273] is DENIED without prejudice to renew such request by motion, if appropriate, upon the proper showing.

SO ORDERED.

This, the 16th day of May, 2012.

JAMES C. FOX
Senior United States District Judge

3